UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

FRANCIA VARGAS,

                     Plaintiff,

                -v-

COUNTRYWIDE HOME LOANS, INC.;
THE BANK OF NEW YORK MELLON;
JOHN DOE # 1-4,

                Defendants.
---------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 0 1 2013

12 Civ. 6857 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

       The Court has before it defendants Countrywide Home Loans, Inc. and the Bank of New York Mellon's motion to dismiss the complaint filed by plaintiff Francia Vargas (ECF No. 2).  (ECF No. 15.)  Plaintiff alleges that defendants engaged in fraud, predatory lending, and deceptive practices in connection with a mortgage loan.  Defendants argue that all claims alleged in the complaint are barred by the principles of res judicata.  For the following reasons, the Court grants defendants' motion.

## I.    BACKGROUND

### A. The State Court Foreclosure Action

       On or about October 23, 2006, plaintiff obtained a mortgage loan in the amount of $141,600 from defendant Countrywide secured by a mortgage on her property.  (Compl. Ex. A.)  A written assignment of the mortgage to BNY Mellon was prepared and recorded.  (Id.)

On September 21, 2012, the Lehigh County Court of Common Pleas entered a default judgment against plaintiff and Hector Vargas in a foreclosure action brought by the Bank of New York Mellon. (Kaiser Decl. Ex. 2, at 1, ECF No. 16.) That judgment stated that plaintiff had failed to appear and was therefore in default. (Id. at 3–6.)

B. The Federal Court Action

The instant action, brought in federal court on September 10, 2012, relates to the aforementioned mortgage loan of $141,600 by Countrywide Home Loans, Inc. to plaintiff, dated October 23, 2006, which plaintiff acknowledges is in a state of foreclosure. (Compl. ¶ 26 & Ex. A.) Plaintiff challenges defendants' ability to enforce the note and mortgage in Pennsylvania. Specifically, she alleges that "she is a victim of predatory lending, fraud and deception." (Compl. ¶ 1.) Construing her complaint liberally, the Court understands plaintiff's central allegations to be that defendants do not have title to the mortgage and, therefore, that they lack standing to bring a foreclosure action. (Compl. ¶¶ 27, 37.) Plaintiff seeks injunctive relief, punitive damages, and attorneys' fees.

Defendants move to dismiss, arguing, inter alia, that plaintiff's claims constitute an improper collateral attack on a duly entered court order and that they are barred by the principles of res judicata.[1] (Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defs.' Mot."), ECF No. 17.) While plaintiff did file

---

[1] Defendants further allege that the claims are time-barred, that they are not pled with sufficient particularity under Fed. R. Civ. P. 9(b), and that they fail to state a plausible claim pursuant to Fed. R. Civ. P. 12(b). (See Defs.' Mot. 1, 6, 11.) Because the Court resolves defendants' motion on res judicata grounds, it does not reach these other arguments.

2

an opposition, she did not respond to defendants' argument that her claims are

barred by <u>res judicata</u>. (<u>See</u> Plaintiff's Opposition, ECF No. 21.)

II.   <u>STANDARDS OF REVIEW</u>

A. <u>Motion to Dismiss</u>

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege

"enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp.</u>

<u>v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>,

556 U.S. 662, 678 (2009). In applying that standard, the court accepts as true all

well-pleaded factual allegations and draws all reasonable inferences in plaintiff's

favor, but does not credit "mere conclusory statements" or "[t]hreadbare recitals of

the elements of a cause of action." <u>Id.</u>

The Court "liberally construe[s] pleadings and briefs submitted by <u>pro se</u>

litigants," "reading such submissions to raise the strongest arguments they

suggest." <u>Bertin v. United States</u>, 478 F.3d 489, 491 (2d Cir. 2007). Although

courts continue to read <u>pro se</u> complaints liberally after <u>Twombly</u> and <u>Iqbal</u>, <u>Harris</u>

<u>v. Mills</u>, 572 F.3d 66, 71–72 (2d Cir. 2009), a <u>pro se</u> complaint "must contain

sufficient factual allegations to meet the plausibility standard," <u>DiPetto v. U.S.</u>

<u>Postal Serv.</u>, 383 F. App'x 102, 103 (2d Cir. 2010). The Court reviews <u>pro se</u>

complaints with "special solicitude," <u>id.</u>, but even a <u>pro se</u> complaint must plead

"factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see Fuentes v. Tilles, 376 F. App'x 91, 92 (2d Cir. 2010) (affirming the district court's dismissal of a pro se complaint for failure to state a claim).

   B. Res Judicata

   "Res judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." Thompson v. County of Franklin, 15 F.3d 245, 253 (2d Cir. 1994).

   The doctrine of res judicata holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). Res judicata turns on "the essential similarity of the underlying events giving rise to the various legal claims." Turner v. Crawford Square Apartments III, L.P, 449 F.3d 542, 549 (3d Cir. 2006) (internal citation omitted).

   Federal courts apply the rules of preclusion of the state in which the prior judgment was rendered. See, e.g., Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir. 2000); Council v. Better Homes Depot, Inc., No. 04 Civ. 5620 (NGG) (KAM), 2006 WL 2376381, at *3 (E.D.N.Y. Aug. 16, 2006).  Because the previous judgment on which the defendants base their allegations were rendered in a Pennsylvania state court, this Court applies Pennsylvania law.

   Under Pennsylvania law, "res judicata will preclude an action where the former and latter suits possess the following common elements: (1) identity of issues; (2) identity in the cause of action; (3) identity of persons and parties to the

action; and (4) identity of the capacity of the parties suing or being sued." <u>Gray v. Buonopane,</u> 53 A.3d 829, 835 n.3 (Pa. Super. Ct. 2012).[2]

## III.    DISCUSSION

Both this action and the Pennsylvania action stem from a single mortgage loan, and both relate to the foreclosure of property pursuant to the enforcement of that mortgage. Because the claims that plaintiff has brought in this action were either actually determined or could have been brought in the prior foreclosure action filed in the Lehigh County Court of Common Pleas in Pennsylvania, this action is barred on the grounds of <u>res judicata</u>. That prior foreclosure action granted default judgment in favor of Bank of New York Mellon, defendant in this case, seeking to enforce the very mortgage at issue in this case.

Plaintiffs' claims before this Court—including her challenges to defendants' standing to bring a foreclosure action, to Countrywide's ownership of the mortgage, and to its assignment of the mortgage to Bank of New York Mellon—could have been raised in the Pennsylvania action, in which Bank of New York Mellon foreclosed upon her property. Of course, the assignment of the mortgage by Countrywide to the Bank of New York Mellon must have been valid in order for the Bank of New York Mellon to have standing to bring the foreclosure action. In any event, litigation on the issues of standing and valid ownership should have—and

---

[2] The elements of <u>res judicata</u> under Pennsylvania law are similar to the elements under federal law, which are that: "(1) the previous action involved a final adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." <u>Monahan v. New York City Dep't of Corrs.</u>, 214 F.3d 275, 285 (2d Cir. 2000).

must have—been raised during the state foreclosure action or not at all.  Plaintiff,

however, defaulted in that litigation.  Nonetheless, res judicata principles apply.

Accordingly, res judicata bars plaintiff's claims as to defendant Bank of New

York Mellon, which had brought the foreclosure action against her.  See Laychock v.

Wells Fargo Home Mortg., No. 07 Civ. 4478, 2008 WL 2890962, at *4 n.5 (E.D. Pa.

July 23, 2008) (applying res judicata to preclude a challenge to the legitimacy of a

mortgage foreclosure in federal court after the state court had issued its foreclosure

decision).

Plaintiff's complaint does assert claims against one party not involved in the

Pennsylvania foreclosure proceeding: defendant Countrywide, the owner and

assignor of the mortgage.  However, the principles of res judicata preclude

relitigation against the parties to the prior action as well as against their privies—

those parties who are in "mutual or successive relationships to the same right of

property," such that their interest is so closely identified with another person "as to

represent the same legal right."  Ammon v. McCloskey, 655 A.2d 549, 554 (Pa.

Super. Ct. Jan. 10, 1995).  Because Bank of New York Mellon and Countrywide

Home Loans are the assignee and assignor of the mortgage at issue, they are in

privity for purposes of res judicata.  See Collazo v. Option One Mortg. Corp., No. 08

Civ. 2520, 2009 WL 3856671 (E.D. Pa. Nov. 16, 2009).

Moreover, there are no issues or claims raised in this case against

Countrywide Home Loans that could not have also been raised against Bank of New

York Mellon in the Pennsylvania action.  A ruling by the Pennsylvania court that

Bank of New York Mellon could enforce the mortgage is also a ruling, by implication, that the mortgage was properly originated and assigned by Countrywide Home Loans.  See Collazo, 2009 WL 3856671 (granting on res judicata grounds a motion to dismiss brought by an assignor and an assignee, on the basis of a prior judgment obtained by the assignee); Laychock, 2008 WL 2890962, at *3 (explaining that a "mortgage foreclosure . . . depends upon the existence of a valid mortgage") (internal quotation marks omitted).

Accordingly, the Court dismisses plaintiff's claims against Countrywide Home Loans, the privy and assignee of Bank of New York Mellon, as well as against the Bank of New York Mellon itself.

## IV.   CONCLUSION

For the reasons set forth above, plaintiff's claims are barred by the principles of res judicata.  Therefore, defendants' motion to dismiss is GRANTED.

The Clerk of Court is directed to close the motion at ECF No. 15 and to terminate this action.

SO ORDERED.

Dated:  New York, New York
        November __/__, 2013

                                        /<— B. Fo——
                                        _____
                                        KATHERINE B. FORREST
                                        United States District Judge

CC:
Francia Vargas
45 Fairview Avenue
#10G
New York, NY 10040            7